**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRIAN ADAMS o/b/o**
**WILLIAM ADAMS,**

                    **Plaintiff,**

-vs-                                                       **Case No. 6:04-cv-1077-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**
_____

**ORDER**

This matter came before the Court for consideration without oral argument on the complaint filed by Brian H. Adams ("Brian") on behalf of his father, William Adams ("Adams"), seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying a claim for social security benefits. Doc. No. 1. The Commissioner answered the Complaint and filed a certified copy of the transcript of the proceedings before the Social Security Administration ("SSA"). Doc. No. 9. This matter has been referred to me for disposition pursuant to the consent of the parties. Doc. Nos. 11-12.

**I.    PROCEDURAL HISTORY.**

On August 24, 1999, Adams applied for supplemental security income payments under the Supplemental Security for the Aged, Blind and Disabled Program ("SSI"), 42 U.S.C. § 1382, *et seq.*, alleging an onset date of disability of July 21, 1999. TR. 257. On October 12, 1999, Adams applied for disability benefits under the Federal Old Age, Survivors and Disability Insurance Program ("OASDI"), 42 U.S.C. § 401 *et seq.*, alleging the same disability onset date. TR. 80-82. His

applications were denied initially and on reconsideration. TR. 69-70, 72–75. Adams requested a hearing before an Administrative Law Judge ("ALJ"). TR. 68.

An ALJ held a hearing at which Adams testified. TR. 37-60. Adams was represented at the hearing by his attorney. TR. 37. Subsequently, the ALJ issued an order finding that Adams was not disabled. TR. 15-22. Adams timely requested review of this decision. TR. 11. On November 12, 2002, the Appeals Council found that there was no basis for changing the ALJ's decision. TR. 7-9.

Adams appealed the order of the Appeals Council to this Court in case number 6:03-cv-218-ORL-DAB. On May 27, 2003, the Court granted the Commissioner's request to reverse and remand this case for further proceedings to allow the ALJ to obtain the testimony of a vocational expert ("VE"). TR. 279-80.

A death certificate in the record indicates that, on June 17, 2003, Adams died. TR. 307-08. His son, Brian H. Adams, substituted as the plaintiff in this case. TR. 298. With respect to the application for SSI payments, however, the ALJ found that "[t]here is no indication in the record that there is any eligible person who can be a substitute party for the purposes of the deceased claimant's application for supplemental security income payments." TR. 258.

The ALJ held another hearing on March 11, 2004, at which a VE testified. TR. 310-23. After considering the testimony and the medical records presented, the ALJ determined that Adams was insured under OASDI through December 31, 2002. TR. 268. She found that Adams had not engaged in substantial gainful activity from the alleged onset date of disability, July 21, 1999. TR. 268. She concluded that Adams had the medically determinable impairments of asthma, insulin-dependent diabetes, hypertension (controlled by medication), sleep apnea, chronic obstructive pulmonary disease with episodic shortness of breath, and obesity, which were severe impairments under the SSA's regulation, but were not severe enough to meet or medically equal an impairment

listed in the SSA regulations. TR. 264. The ALJ found that the record did not support the allegations that Adams had a heart condition before December 31, 2002. TR. 265.

The ALJ found that Adams had the residual functional capacity ("RFC") to lift or carry twenty pounds occasionally and ten pounds frequently, stand, walk, or sit for up to six hours in an eight-hour workday, and that he had the environmental limitations of needing to avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc. TR. 265. Adams had the additional postural limitations of only occasionally being able to climb, stoop, crouch, crawl, or kneel. TR. 265.

Based on this RFC, the ALJ found that Adams could not perform his past relevant work. TR. 266. She posed a hypothetical person with Adams' limitations to the VE. TR. 267. The VE testified that such a person could perform work as an airport cart driver, a dispatcher, and an alarm code monitor, of which jobs there were many available in the local, state, and national economies. TR. 267. Based on the VE's testimony, the ALJ found Adams not disabled. TR. 267-68.

There are no records in the file indicating that Brian sought Appeals Council review of the decision the ALJ made after remand of the case by this Court.

## II.    JURISDICTION AND STANDING.

After this Court's remand, the decision of the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 404.984. Therefore, the Court has subject-matter jurisdiction in this case under 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).

In Plaintiff's Brief Addressing the Merits on Appeal, counsel for the plaintiff states that the appeal arises "from Plaintiff's applications for Supplemental Security Income for Aged, Blind, and Disabled program ("SSI"), 42 U.S.C. §§ 1382, et seq." Doc. No. 13 at 1. However, Brian does not have standing to appeal the denial of SSI benefits on behalf of Adams. The applicable SSA

regulation provides as follows: "No benefits may be paid to the estate of any underpaid recipient, the estate of the surviving spouse, the estate of a parent, or to any survivor other than those listed in paragraph (b)(1) through (3) of this section."  20 C.F.R. § 416.542(b)(4).  The survivors listed in paragraphs (b)(1) through (3) of this regulation are the applicant's surviving spouse or the parents of a disabled child.  There is no provision for payment of SSI benefits to a surviving child.  *See Torres v. Barnhart,* No. 01 CIV 8312 KMW FM, 2002 WL 31932046 (S.D.N.Y. Dec. 31, 2002).  Accordingly, because Brian does not have standing to appeal the Commissioner's decision regarding SSI benefits due to his father, this case must be dismissed.[1]

### III.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that the case is **DISMISSED** because the plaintiff does not have standing to pursue the claim asserted.  I direct the Clerk of Court to close the file in this case.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] I do not address the question of whether Brian would have standing to challenge the Commissioner's decision regarding Adams' application for OASDI benefits because Brian specifically challenged only the decision regarding SSI benefits.  The failure to seek review of the OASDI decision does not appear to have been mere oversight because Brian's brief does not address issues particularly relevant to an OASDI review, such as Adams' condition as of the date last insured.  The parties were advised by the Court in the scheduling order that issues not specifically raised would be considered to have been waived.  *See* Doc. No. 10 at 2.